IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GREGORY C. CARPENTER,<br><br>Defendant. | CR 95–24–H–CCL<br>CV 16-115-H-CCL<br><br>ORDER |

Before the Court is Defendant- Movant Gregory C. Carpenter's third "Motion To Vacate, Set Aside, or Correct a Sentence Under 28 U.S.C. § 2255." (ECF No. 129.) The Ninth Circuit Court of Appeals granted leave to file this successive petition on December 28, 2016. (ECF No. 128.) The government's motion to stay proceedings was granted, pending the U.S. Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (March 6, 2017). Briefing on the issue has been completed, and the Court is prepared to rule.

Background:

On June 22, 1995, Defendant was charged with a five-count Indictment. The charges stemmed from an incident which occurred in Montana State Prison on January 17, 1995, wherein Defendant, an inmate at the prison, was discovered to have placed an explosive or incendiary device in a false ceiling above the prison warden's office. Defendant was charged with conspiracy to make a firearm (Count I), knowing possession of an explosive or incendiary device (Count II), knowingly making an explosive or incendiary device (Count III), felon-in-possession of a firearm (Count IV), and an attempt to damage or destroy an institution that receives federal financial assistance (Count V).

Defendant was convicted on all five counts on the second day of jury trial. Defendant was sentenced on February 7, 1997. His Offense Level was 32, his Criminal History was VI, and his Guideline Range was 210-262 months. Defendant was sentenced to concurrent 120-month sentences on Counts 1-4 and a concurrent 240-month sentence on Count 5. The Court's written Judgment and Commitment was filed and entered on February 10, 1997, and finalized after

February 24, 1997, which was the last day Defendant could have filed a direct appeal. No direct appeal was filed.

Defendant's Presentence Report (PSR) shows that his criminal history score was 20 (PSR ¶47), establishing a criminal history category of VI. No mandatory minimum applied to any of the counts of conviction, but the statutory maximum sentence that applied to Counts I-IV was 120 months, and the statutory maximum sentence that applied to Count V was 240 months. As recommended by the U.S. Probation Office, the Court imposed the statutory maximum sentence on all counts, (120 months as to Counts I-VI and 240 months as to Count V, all counts to be served concurrently).

In his extensive criminal history spanning more than a decade, Defendant's Presentence Report shows that, in addition to other crimes, Defendant was convicted of sexual intercourse without consent (PSR ¶39) and two counts of burglary when he "entered or remained unlawfully in an occupied structure, *a residence*" and "entered or remained unlawfully in an occupied structure, *the OK Corral Bar*." (PSR ¶41, emphasis added). Although his statutory penalties were

not increased by the fact of these prior convictions, his sentencing guideline range was increased from an offense level of 31[1] to an offense level of 32[2] pursuant to the Career Offenders provisions of the Sentencing Guidelines. (PSR ¶¶ 33-34.)

Notwithstanding this one-level increase, even had Defendant not received the Career Offender designation, he would still have been in the Category VI of Criminal History, and the Court could still have departed upward to the maximum sentence of 240 months. Indeed, the U.S. Probation Office advocated for an upward departure in the Presentence Report based upon the seriousness of Defendant's criminal history, finding that "an upward departure may be warranted" (PSR ¶ 89) because "the criminal history category significantly under-represents the likelihood that the defendant will commit further crimes" (PSR ¶ 90). Defendant's criminal history showed numerous instances of very

---

[1] An Offense Level of 31 and a Criminal History Category of VI produces a Guideline Range of 188-235 months. *See U.S. Sentencing Guidelines,* Ch. 5, Part A (Sentencing Table) (1995).

[2] An Offense Level of 32 and a Criminal History Category of VI produces a Guideline Range of 210-262 months. *See U.S. Sentencing Guidelines*, Ch. 5, Part A (Sentencing Table) (1995).

dangerous conduct, including an especially violent sexual assault and a fight with law enforcement officers in which he attempted to take an officer's gun, and extended back to juvenile misconduct. Thus, Defendant's dangerousness was a notable and long-standing issue, as evidenced by his juvenile and adult criminal history. Ultimately, the PSR concludes that "[a]lthough there are factors that may warrant an upward departure, the maximum penalty allowed by statute is 20 years." (PSR ¶ 91.) While Defendant's Guideline Range would have been 188-235 months incarceration without the Career Offender designation, it is highly likely that Defendant would have received an upward departure to the maximum sentence of 240 months anyway, as recommended by the U.S. Probation Office.

Defendant's 2255 Motion

When Defendant was sentenced in 1997, a career offender under the Sentencing Guidelines was defined to be a person convicted of a "crime of violence" who had "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1 (Nov. 1, 1995).[3]

---

[3] All references to the U.S. Sentencing Guidelines Manual refer to the 1995 edition which was utilized by the U.S. Probation Office to prepare Defendant's Presentence Report. (PSR ¶25.)

The definition of a "crime of violence," provided by § 4B1.2(a), was:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that–
>
> (1) has an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical of physical injury to another*.

U.S.S.G. § 4B1.2(a) (Nov. 1, 1995) (emphasis added).

Defendant now claims that his one-level increase in his Offense Level under the Career Offenders guideline was based upon escape convictions that were defined by the PSR as crimes of violence under the residual clause of the Career Offenders guideline (§ 4B1.2(a)(2)). Defendant further claims that his prior convictions for burglary do not satisfy the categorical test for generic burglary that was set forth in *Descamps v. United States*, 133 S.Ct. 2276, 2281 (2013), because the Montana's burglary statute criminalized the unlawful entry of vehicles. *See* Mont. Code Ann. §§ 45-6-204(1), 45-1-102(47) (1987). This made the Montana burglary statute broader than federal generic burglary, without the elements being neatly divisible into generic and non-generic elements.

In this third § 2255 Motion, Defendant-Movant relies upon the new rule of constitutional law announced in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act (ACCA), violated the U.S. Constitution's guarantee of due process and is void for vagueness. That clause defined a "violent felony" to include an offense that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(b)(ii). Defendant, however, was not sentenced under the ACCA. Defendant's instant argument is that the rule of *Johnson*, which was made retroactive on collateral review by *United States v. Welch*, 136 S. Ct. 1257, 1268 (2016), applies to the same residual clause that was contained in the *U.S. Sentencing Guideline Manual* (1995) under the Career Offenders guideline. *See* U.S.S.G. § 4B1.2(a)(2) (1995). Defendant concludes that not one of his three escape convictions or his two prior burglary convictions qualifies as a violent felony for purposes of the Career Offenders guideline.

In 2017, the U.S. Supreme Court decided in *Beckles v. United States*, 137 S. Ct. 886 (March 6, 2017), that the residual clause contained in the *U.S. Sentencing Guideline Manual*, § 4B1.2(a), is not unconstitutionally vague under the Due

7

Process Clause of the Fifth Amendment. *Beckles* further makes clear that a vagueness challenge is unavailable for sentencing statutes that provide discretion to select a sentence within a statutory range. *Beckles*, 137 S. Ct. at 893. Moreover, the categorical test set forth in *Descamps* has not been made retroactive on collateral review. *See Ezell v. United States*, 778 F.3d 762, 766 (9th Cir. 2015) ("*Descamps* did not announce a new rule, and even if it did, that rule is not constitutional."). Under the prior case law, at least one of Defendant's two burglary convictions qualified as a violent felony under the enumerated offenses clause of the Career Offenders guideline. *See* U.S.S.G. § 4B1.2(a)(2); *United States v. Aguila-Montes de Oca*, 655 F.3d 915 (9th Cir. 2011).

Defendant's PSR does not specify which prior felonies qualify as crimes of violence, stating only that "the defendant has at least two prior felony convictions of a crime of violence...." (PSR ¶ 34.) Defendant acknowledges that his conviction for Sexual Intercourse Without Consent is a crime of violence. Only one other crime of violence is necessary to fulfill the requirements of the Career Offenders guideline. Using the modified categorical approach, it is clear that Defendant's two burglary convictions were for unlawful entry of occupied

structures (a residence and a bar). These burglaries were committed when Defendant was on escape status. When arrested, Defendant was found to possess items taken from the residence he burglarized. Defendant resisted arrest and attempted to take the officer's gun. (PSR ¶ 41.)

Neither *Johnson* nor *Descamps* is applicable here. Defendant's sentence was not derived from the residual clause of the ACCA or from the residual clause of the Career Offenders sentencing guideline. Defendant had two violent felonies to support his Career Offenders designation. Even if the Career Offenders designation did not apply, this court would have followed the recommendation of the U.S. Probation Office and departed upward to impose the same maximum sentence because Defendant's criminal history category significantly under-represented the likelihood that he would commit further crimes. Ultimately, however, Defendant has failed to bear his burden of establishing that when this district court sentenced him in 1997 it applied the Career Offenders residual clause, that doing so would have been unconstitutional if it had, that any other sentencing error occurred, that any claimed sentencing error would be reviewable, or that this petition was timely filed. Accordingly,

IT IS HEREBY ORDERED that Defendant's "Motion To Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody" (ECF No. 129) is DENIED. Let judgment enter.

IT IS FURTHER ORDERED that a Certificate of Appealability is DENIED because Defendant has not made a substantial showing of the denial of a constitutional right.

The Clerk is directed forthwith to notify counsel of entry of this order.

DATED this 6th day of December, 2017.

CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE